UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JHARON HOLLAND,

        Petitioner,

v.                                      CAUSE NO. 3:20-CV-302-DRL-MGG

WARDEN,

        Respondent.

OPINION & ORDER

Jharon Holland, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF 19-10-13) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of conspiring to attempt to traffic in violation of Indiana Department of Correction Offense 111/113. Following a disciplinary hearing, he was sanctioned with a loss of ninety days earned credit time and a demotion in credit class. Under Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Holland argues that he is entitled to habeas relief because the reporting officer was under internal investigation and because correctional staff produced no other evidence to corroborate the conduct report. In the conduct report, a correctional officer described Mr. Holland's repeated efforts at recruiting him to assist with trafficking.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision."). Further, Mr. Holland's reference to an internal investigation is vague, and the mere fact that a correctional officer is under investigation does not remove his or her conduct report of all credibility. Because the administrative record contains some evidence suggesting that Mr. Holland's guilt, the claim regarding insufficient evidence is not a basis for habeas relief.

Next, Mr. Holland argues that he is entitled to habeas relief because the disciplinary hearing was held in an untimely manner according to relevant departmental policy, which he attached to his petition. Specifically, departmental policy provides that hearings should generally be held within seven workings days of the incident. The mere failure to follow departmental policy does not rise to the level of a constitutional violation. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Moreover, even under the departmental policy's terms, an untimely hearing is not a valid basis to challenge a finding of guilt. *See* ECF 1-1 at 2 ("Holding the Disiplinary Hearing outside this time frame is not grounds for a case to be dropped [or] dismissed, nor is it grounds for an appeal."). Therefore, the claim regarding an untimely hearing is not a basis for habeas relief.

Finally, Mr. Holland argues that he is entitled to habeas relief because the Warden did not investigate the claims raised during his administrative appeal of the disciplinary hearing. "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). While the right to procedural due process entitled Mr. Holland to certain enumerated rights, the right to an investigation on administrative appeal is not among them. *See id.* at 563-66; *White v. Ind. Parole Bd.*, 266

2

F.3d 759, 768 (7th Cir. 2001) (warning against adding additional due process protections beyond those provided by *Wolff*). Therefore, the argument regarding the failure to investigate on appeal is not a basis for habeas relief.

Because it is clear from the petition and attached exhibits that Mr. Holland is not entitled to habeas relief, the petition is denied. If Mr. Holland wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the petition pursuant to Section 2254 Habeas Corpus Rule 4;

(2) WAIVES the filing fee;

(3) DIRECTS the clerk to enter judgment and to close this case; and

(4) DENIES Jharon Holland leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

June 10, 2020                                          *s/ Damon R. Leichty*
                                                        Judge, United States District Court